■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN KILDARE, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal by the relator from an order of the County Court of Clinton County dismissing a writ of habeas corpus after a hearing. On April 24, 1956 the relator was convicted of feloniously possessing a narcotic drug with intent to sell and feloniously possessing a narcotic drug. He was sentenced as a second felony offender after admitting, as charged in an information filed by the District Attorney, that he had been previously convicted of attempted felonious possession of a narcotic drug. The relator is attacking the validity of his sentencing as a second felony offender on the ground that his first conviction was illegal in that although he plead guilty to the crime of feloniously possessing a narcotic drug he was sentenced for the crime of attempting to feloniously possess a narcotic drug. The stenographer's minutes show a plea to the second count of the indictment, to wit, feloniously possessing a narcotic drug. The transcript of the sentencing minutes recite that he pleaded guilty to attempted felonious possession of a narcotic drug. However, his application for a writ of habeas corpus was properly denied in that his first conviction was by a court having jurisdiction over him and the

crime with which he was charged. Section 610 of the Penal Law permits conviction for an attempt to commit the crime charged in the indictment. Habeas corpus has even been denied where the conviction was for a crime not included in the indictment (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361). It is further clear here that relator was not in any way prejudiced by the fact that he was sentenced for a lesser crime carrying less punishment than that to which he plead guilty. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.